UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGALY ALFARO, VIVIAN GOMEZ, | § | |
| ELVA V. CIFUENTES GOMEZ | § | |
| and all others similarly situated | § | |
| under 29 U.S.C. 216 (b), | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Cause No. 3:12-cv-00551-M |
| | § | |
| | § | |
| H. ROSLIN STAFFING GROUP, LLC | § | |
| and LINDA LOSOYA, | § | |
| Defendants. | § | |

### PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM AND ANSWER SUBJECT THERETO

COME NOW Plaintiffs/Counter Defendants **Magaly Alfaro Vivian, Gomez** and **Elva V. Cifuentes Gomez** ("Plaintiffs" or "Counter Defendants") by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12 (b)(1) and (6) and 8(c) and hereby file Plaintiffs' Motion to Dismiss Counterclaim and Answer Subject Thereto and in support thereof state as follows:

### MOTION TO DISMISS

1. Plaintiffs brought their claims for the non-payment of overtime wages under the Fair Labor Standards Act (the "FLSA").

2. Defendants / Counter Plaintiffs asserted a counterclaim against Plaintiffs for declaratory judgment. The counterclaim is based on Defendants' allegations that Plaintiffs' claims were adjudicated by the U.S. Department of Labor due to an alleged settlement agreement between Defendants and the Department of Labor that Defendants further allege somehow binds Plaintiffs. Plaintiffs hereby move this Court to dismiss Defendant's counterclaim for the following four reasons:

   1) The Fair Labor Standards Act does not allow for an employer to counterclaim under indemnification or breach of contract and unjust enrichment theories as

such would run counter to the intent and purpose of the Fair Labor Standards Act. *Lyle v. Food Lion, Inc.*, 954 F.2d 984 (4th Cir. N.C. 1992), *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407 (10th Cir. Colo. 1992), *Quintana v. Explorer Enters.*, 2010 U.S. Dist. LEXIS 54683 (S.D. Fla. June 3, 2010). In other words, breach of contract and unjust enrichment claims would allow an employer to indemnify itself in relation to the employee's wages. The same logic would surely hold true when Defendants are trying to enforce a purported agreement to which Plaintiffs are not parties. *Cf. Miller v. County of Santa Cruz, 39 F.3d 1030, 1033 (9th Cir. 1994). (citing United States v. Utah Construction & Mining Co., 384 U.S. 394, 422, 16 L. Ed. 2d 642, 86 S. Ct. 1545 (1966))* (preclusive effect given only if the administrative agency acted in a judicial capacity and resolved disputed factual issues properly before it, and if the parties had an adequate opportunity to litigate before the agency). Plaintiffs had no opportunity to litigate before – to the contrary they are exercising their right to do so in this suit.

2) This Court lacks jurisdiction to hear Defendants' permissive counterclaim as Defendants seek affirmative relief which is not allowed under the FLSA;

3) Defendants counterclaim is duplicative of Defendants Affirmative Defenses as set out in Defendants' Original Answer and Counter-Claim (D.E. 7), or put another way, Defendants counterclaim is an affirmative defense and should be treated as such under Federal Rule of Civil Procedure 8(c) if it is at all recognized under the FLSA;

4) Defendants counter claim lacks sufficient facts to support Defendants counterclaim pursuant to the standard stated by The United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) which adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007) as Defendants have not stated with specificity what they believe they would be entitled to under said counterclaims.

### Standard of Review on Motions to Dismiss:

3. In considering a motion to dismiss the Court is required to accept all well-pled allegations of the complaint as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 81 L. Ed. 2d 59,

104 S. Ct. 2229 (1984). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Plaintiffs must demonstrate "beyond doubt" that "no set of facts" could entitle Defendants to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003). The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296. *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008). "*Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination")." *Lecik v. Nost*, 2005 U.S. Dist. LEXIS 34727 (M.D. Fla. Dec. 5, 2005).

### Purpose of the Fair Labor Standards Act:

4. The Fair Labor Standards Act does not allow for an employer to counterclaim under indemnification or breach of contract and unjust enrichment theories as such would run counter to the intent and purpose of the Fair Labor Standards Act. *Lyle v. Food Lion, Inc*., 954 F.2d 984 (4th Cir. N.C. 1992), *Martin v. Gingerbread House, Inc*., 977 F.2d 1405, 1407 (10th Cir. Colo. 1992), *Quintana v. Explorer Enters*., 2010 U.S. Dist. LEXIS 54683 (S.D. Fla. June 3, 2010). Specifically the Court's have held that the state based theories such as in this case (breach of contract and unjust enrichment) are barred by the supremacy clause as no such action was contemplated by the act, presumably because it would chill the rights of an employee to seek minimum or overtime compensation under the act if an employee knows that it would be hit with a counterclaim if he filed a lawsuit. As the Fifth Circuit stated when affirming the District's Court Dismissal of a similar counterclaim:

   i. The district court's disposition was proper. To engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the Supremacy Clause of the Constitution, would undermine employers' incentives to abide by the Act, and would differentiate among employees entitled to receive overtime compensation in a way which does not otherwise exist in the statute.

**PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM AND ANSWER SUBJECT THERETO**                                                                 **3** of **11**

5. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986). Court's have held that counterclaims similar to the ones being asserted by Defendants run contrary to public policy and the intent of the Fair Labor Standards Act.

    i. [t]he circuits that have addressed the issue consistently found that indemnification claims against employees or owners are contrary to public policy and the legislative intent of the FLSA. See, e.g., *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986); *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407 (10th Cir. 1992); *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999).

6. *Quintana v. Explorer Enters.*, 2010 U.S. Dist. LEXIS 54683, 4-5 (S.D. Fla. June 3, 2010). In the case at hand, Defendants claim that they should be allowed to recoup damages for the filing of this instant law suit, under two different counterclaims (breach of contract and unjust enrichment). However, Defendants counterclaim has been addressed by other courts such as the Fifth Circuit in *Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1042 (5th Tex. 2010). In *Gagnon* the Plaintiff filed a complaint under the Fair Labor Standards Act as well as other counts. The Defendant/employer in *Gagnon* filed a counterclaim against Plaintiff for breach of contract and fraud as Plaintiff was paid a per diem expenses for travel expenses of 280 miles each day even though Plaintiff had moved closer to Defendants facility and only lived a mere 9 miles away. The Court in *Gagnon* went on to find that the per diem expenses must be included when calculating Plaintiff's hourly rate, yet found that Defendants counterclaim for breach of contract and fraud should never have been filed with this FLSA claim.

    i. [o]ur precedent suggests that such claims should not be addressed in a FLSA action. See *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), rev'd on other grounds, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988) (noting that the only function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level of wages" and holding that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.").

7. *Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010). As such, Defendants counterclaims or "arguments and disputations over claims against those wages" are contrary to the purpose behind the Fair Labor Standards Act and are not appropriate to be brought as a counterclaim when Plaintiff brings a claim for unpaid overtime or minimum wages. Defendants' Counterclaims in this case are even more tenuous as they purport to rely on an agreement to which Plaintiffs are not even parties. Defendants' counterclaims should be dismissed.

## Lack of Subject Matter Jurisdiction

8. Defendants, in their counterclaim fail to state whether said counterclaim was filed as a compulsory or permissive counterclaim. As such, Plaintiff will go through the analysis for both compulsory and permissive counterclaims.

   1) Federal Rules of Civil Procedure 13(a) states: "Compulsory Counterclaim. (1) *In General.* A pleading must state as a counterclaim any claim that at the time of its service the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."

   2) Federal Rules of Civil Procedure 13(b) states: "Permissive Counterclaim. A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."

      i. In determining whether a counterclaim is compulsory or permissive, the Eleventh Circuit has stated that courts should apply the "logical relationship" test. *Republic Health Corp. v. Lifemark Hospitals of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). Under the "logical relationship" test, a logical relationship exists between the plaintiff's claim and the counterclaim when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (quoting *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)).

9. *Hutton v. Grumpie's Pizza & Subs, Inc.*, 2008 U.S. Dist. LEXIS 37425 (S.D. Fla. May 6, 2008).

    i. If a counterclaim is permissive rather than compulsory, the court must find an independent jurisdictional basis, such as federal question or diversity jurisdiction, for the counterclaim to proceed in federal court. *See East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission*, 888 F.2d 1576, 1578 (11th Cir. 1989);

10. *Hutton v. Grumpie's Pizza & Subs, Inc.*, 2008 U.S. Dist. LEXIS 37425 (S.D. Fla. May 6, 2008). Federal Courts in other districts, i.e. both the Southern District of Florida as well as the Middle District of Florida have held that a claim for breach of contract is not a compulsory counterclaim but at best a permissive counterclaim.

    i. *Kirby v. Tafco Emerald Coast, Inc.*, 05CV341 (RV), 2006 U.S. Dist. LEXIS 6088, 2006 WL 228880, at *2 (N.D.Fla. 2006) (finding no supplemental jurisdiction over breach of contract and failure to pay promissory note counterclaims to plaintiff's FLSA claim); *Lecik v. Nost*, 05 CV 1040 ORL (KRS), 2005 U.S. Dist. LEXIS 34727, 2005 WL 3307192, at *2-3 (M.D.Fla. 2005) (finding no supplemental jurisdiction over breach of contract counterclaim to plaintiff's FLSA claim).

11. *Carvalho v. Door-Pack, Inc.*, 565 F. Supp. 2d 1340, 1341 (S.D. Fla. 2008). The Court's have gone on to hold that although the Court lacks independent basis for jurisdiction, there is an exception for the Court to hear a permissive counterclaim when the counterclaim merely seeks a setoff that would not reduce Plaintiff's average hourly wage below the minimum wage.

    i. The Court finds that under the logical relationship test, all three of RSM's counterclaims are permissive, because they are not based on the same core facts as Plaintiff's FLSA claim. See *Kirby*, 2006 U.S. Dist. LEXIS 6088, 2006 WL 228880, at *2 (finding the defendant's breach of contract claim and failure to repay promissory notes claim to be permissive counterclaims to the plaintiff's FLSA claim); *Mercer*, 2005 U.S. Dist. LEXIS 28290, 2005 WL 3019302, at *1 (finding the defendant's conversion claim to be a permissive counterclaim to the plaintiff's FLSA claim); *Lecik v. Nost*, 2005 U.S. Dist. LEXIS 34727, 2005 WL 3307192, at *3 (M.D. Fla. Dec. 6, 2005) v. *Nost*, 2005 U.S.

      Dist. LEXIS 34727, 2005 WL 3307192, at *3 (M.D. Fla. Dec. 6, 2005)(finding the defendant's breach of contract claim to be a permissive counterclaim to the plaintiff's FLSA claim). However, the Court's finding that the counterclaims are permissive does not end the Court's inquiry as to whether the counterclaims should be dismissed due to there being no independent basis for subject matter jurisdiction.

  ii.  There is an exception to the requirement that permissive counterclaims require an independent basis for jurisdiction when the permissive counterclaim is seeking only a setoff. See *Cole*, 2007 U.S. Dist. LEXIS 42507, 2007 WL 1696029, at *4; *Kirby*, 2006 U.S. Dist. LEXIS 6088, 2006 WL 228880, at *1 n.1; Mercer, 2005 U.S. Dist. LEXIS 28290, 2005 WL 3019302, at *2. However, under the exception, the counterclaim for setoff must be used solely to defeat or reduce the plaintiff's recovery and cannot seek affirmative relief. See *Cole*, 2007 U.S. Dist. LEXIS 42507, 2007 WL 1696029, at *4; *Kirby*, 2006 U.S. Dist. LEXIS 6088, 2006 WL 228880, at *1 n.1; *Mercer*, 2005 U.S. Dist. LEXIS 28290, 2005 WL 3019302, at *2.

12. *Robinson v. Roofs, Structures & Mgmt.,* 2007 U.S. Dist. LEXIS 92644, 5-7 (M.D. Fla. Dec. 18, 2007). See also *Dejesus v. Emerald Coast Connections of St. Petersburg, Inc*., 2010 U.S. Dist. LEXIS 68845 (M.D. Fla. June 17, 2010) (allowing setoff for the purchase of a pizza oven so long as said setoff did not result in Plaintiff's wage rate falling below the applicable minimum wage rate).

13. Furthermore, in *Goings v. Advanced Sys*., 2008 U.S. Dist. LEXIS 74331 (M.D. Fla. Sept. 12, 2008) after Plaintiff was injured and could not work, Defendants loaned Plaintiff money so that Plaintiff could continue to pay for his health insurance benefits and Plaintiff promised to repay the loan. Plaintiff never returned to work and ultimately asserted a claim for overtime wages under the Fair Labor Standards Act. Thereafter, Defendants filed a counterclaim for breach of contract. The Court in *Goings* when on to find that the claim for breach of contract is a permissive counterclaim for which the Court did not have any independent basis for subject matter jurisdiction.

  i.  This Court has given careful consideration to this matter, and determines that most of the facts needed for the prosecution and defense of Plaintiff's FLSA claims are

>
> distinct from the facts needed to litigate Defendant's counterclaim for breach of contract regarding an unpaid loan. For that reason, separate trials of these separate claims would not "involve substantial duplication of effort and time by the parties and the courts." See *Revere Copper & Brass, Inc.*, 426 F.2d at 714. Broadly, the aggregate core of facts upon which Plaintiff's claims rest are the hours worked by Plaintiff and the amount that he was paid for those hours, an issue quite distinct from the alleged loan between Plaintiff and Defendant. In addition, the elements of proof for each claim are distinct from one another. Thus applying the logical relationship test, the Court finds that Defendant's counterclaim is permissive rather than compulsory.

14. *Goings v. Advanced Sys.*, 2008 U.S. Dist. LEXIS 74331, 7-8 (M.D. Fla. Sept. 12, 2008). However, the Court went on to state that Defendant could use the breach of contract claim solely for the purpose of setoff to reduce the recovery but cannot be used to seek affirmative relief.

    1) In the case at hand, Defendants counterclaim does not seek setoff but rather appears to seek "further' affirmative relief, based on Plaintiffs' filing of a lawsuit. The request for affirmative relief as opposed to setoff should in it and of itself prohibit Defendants' counterclaim from going forward.

    2) Based on the case law cited, Defendants' claim for declaratory relief regarding a purported agreement to which Plaintiffs are not parties would at best be a permissive counterclaim and not a compulsory counterclaim. The elements needed to prove an FLSA claim and the elements needed to prove a breach of contract and unjust enrichment claims are separate and distinct for the underlying FLSA claim. Therefore, the elements needed to prove Defendants counterclaim do not meet the "logical relationship" test as the same operative facts do not serve as the basis for both claims, but at best, a permissive counterclaim of which Defendants have not established any independent basis for the Court's subject matter jurisdiction. As a result Defendants counterclaim should be dismissed for lack of Jurisdiction.

**Defendants counterclaim is duplicative of Defendants' Affirmative Defenses:**

15. As stated above, the Court lacks any independent basis for subject matter jurisdiction over Defendants' counterclaim. However, some Court's have allowed an exception to the rule when said counterclaim merely seeks a setoff to Plaintiff's claim and said setoff does not bring Plaintiff's FLSA claim below the applicable minimum wage rate. See *Robinson v. Roofs, Structures & Mgmt.,* 2007 U.S. Dist. LEXIS 92644, 5-7 (M.D. Fla. Dec. 18, 2007). See also *Dejesus v. Emerald Coast Connections of St. Petersburg, Inc.*, 2010 U.S. Dist. LEXIS 68845 (M.D. Fla. June 17, 2010) (allowing setoff for the purchase of a pizza oven so long as said setoff did not result in Plaintiff's wage rate falling below the applicable minimum wage rate).

16. As noted above, Defendants' counterclaim seeks affirmative relief and does not request a setoff. However, should Defendants now argue that Defendants counterclaim should be treated as a setoff, said argument should fail as the counterclaim would be duplicative of one or more of Defendants' affirmative defenses e.g. accord and satisfaction, res judicata and collateral estoppel and the allegations of prior adjudication made in paragraphs 3, 4 and 5 of Defendants' Answer. Pursuant to Federal Rule of Civil Procedure 8(c)(2) "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." This is such a case as the purported counterclaim for declaratory relief is really only a restatement of the aforementioned affirmative defenses and should be recast as such by the Court in this case.

**Failure to State a Claim:**

17. Defendants' counter claim lacks sufficient facts to support Defendants' counterclaim pursuant to the standard stated by The United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) which adopted the Supreme Courts previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007) as Defendants have not stated with specificity what they believe they would be entitled to under said counterclaim. As the United States Supreme Court stated in *Iqbal* "the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"… "A pleading that offers "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009). In the case at hand, Defendants have not stated how the filing of the present law suit subjects the Plaintiffs to a declaratory judgment action when the allegations made only speak to a purported agreement between the Defendants and the Department of Labor – to which Plaintiffs are not parties. As such, Defendants have failed to meet the pleading requirements under Rule 8 and the Supreme Court decision of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009).

18. Wherefore, Plaintiff respectfully requests that his Court Dismiss Defendants' counterclaim for declaratory judgment in its entirety.

## COUNTER DEFENDANTS' ORIGINAL ANSWER

19. Subject to their Motion to Dismiss set out above, Counter Defendants and Plaintiffs herein file this Original Answer to Defendants' Counter-Claim.

### A. Admissions & Denials

20. Counter Defendants deny the allegations made in paragraph 4 of Defendants' Original Answer and Counter-Claim.

21. Counter Defendants admit that Defendants gave notice of a purported settlement agreement between Defendants and the U.S. Department of Labor, but deny the remaining allegations made in paragraph 5 of Defendants' Original Answer and Counter-Claim.

22. Counter Defendants deny the remaining the remaining factual allegations made in Defendants' Original Answer and Counter-Claim.

23. Counter Defendants deny that Defendants are entitled to the declaratory relief referenced in subparagraph c. of the prayer in Defendants' Original Answer and Counter-Claim.

24. Counter Defendants deny that Defendants are entitled to any of the relief referenced in subparagraphs a., b. and d. of the prayer in Defendants' Original Answer and Counter-Claim.

**B. Affirmative Defenses**

25. Defendants have has not performed all conditions precedent that they are required to prior to making their counter claim.

26. Plaintiffs are not liable to Defendants on their Counter Claim as there was a failure of consideration.  Plaintiffs are not parties to any alleged agreement.

27. Plaintiffs are not liable to Defendants on their Counter Claim as the statute of frauds bars such claim.  Plaintiffs are not parties to any alleged agreement.

**PRAYER**

For these reasons, as set out hereinabove, Plaintiffs ask the Court to enter judgment that Defendants take nothing by their Counter Claims or otherwise, dismiss Defendants' Counter Claim with prejudice, assess costs against Defendants, and award Plaintiffs all other relief the Court deems appropriate.

Respectfully submitted,

By:   /s/ Robert L. Manteuffel
Robert L. Manteuffel
Texas Bar No. 12957529
J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610
E-mail address: rlmanteuffel@sbcglobal.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 11th day of April, 2012.

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff(s)