# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| MAGALY ALFARO, VIVIAN GOMEZ, | § | |
| ELVA V. CIFUENTES GOMEZ and all others | § | |
| similarly situated under 29 U.S.C 216(B), | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:12-cv-00551-M |
| | § | |
| H. ROSLIN STAFFING GROUP, LLC | § | |
| LINDA LOSOYA | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Dismiss Counterclaim [Docket Entry #10]. For the reasons stated below, the Motion is **GRANTED**, but with leave for Defendants to replead their counterclaim.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs, employees of Defendant H. Roslin Staffing Group, LLC, performed housekeeping duties at The Westin Stonebriar Resort of Frisco, TX. Defendant Linda Losoya is the owner and a corporate officer of Defendant H. Roslin Staffing Group, LLC. On February 23, 2012, Plaintiffs sued, alleging that they each worked an average of sixty hours per week, at a regular rate of $7.25 per hour, but did not receive overtime pay for hours worked in excess of forty hours, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1).

On March 21, 2012, Defendants filed a counterclaim, seeking a declaratory judgment that Plaintiffs are re-litigating claims that have already been administratively determined by the U.S. Department of Labor ("DOL"). Defendants amended their Answer and counterclaim on August

23, 2012.  Plaintiffs move to dismiss Defendants' counterclaim for lack of subject matter

jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, for failure to

state a claim under Federal Rule of Civil Procedure 12(b)(6), or for mistakenly designating a

defense as a counterclaim under Federal Rule of Civil Procedure 8(c)(2).[1]  Although Plaintiffs'

Motion was directed to the pre-amendment counterclaim, the Court treats it as applying to the

amended counterclaim, filed August 23, 2012.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter

jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction;

without jurisdiction conferred by statute, they lack the power to adjudicate claims.  *See Stockman

v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998).  "When a Rule 12(b)(1) motion is

filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1)

jurisdictional attack before addressing any attack on the merits."  *Ramming v. United States,* 281

F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977)

(per curiam)).  Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction

from prematurely dismissing a case with prejudice."  *Id.*  When the court dismisses for lack of

subject matter jurisdiction, that dismissal "is not a determination of the merits and does not

prevent [a party] from pursuing a claim in a court that does have proper jurisdiction."  *Id.*

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack"

upon a pleading's subject matter jurisdiction.  *Rodriguez v. Tex. Comm'n on the Arts,* 992 F.Supp.

876, 878 (N.D. Tex. 1998).  "A facial attack requires the court merely to decide if the [claimant]

---

[1] In their Reply, Plaintiffs move the Court to strike Defendants' Response, because under Local
Rule 7.1(e), Defendants' Response was due May 2, 2012, but was not filed until May 7, 2012.
Although Defendants' Response was in fact tardy, the Court will consider it and denies the
Motion to Strike it.

has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citation omitted). If the challenger supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to the [claimant's] allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he [claimant] constantly bears the burden of proof that jurisdiction does exist." *Rodriguez,* 992 F.Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). While a court must accept all of the claimant's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To survive a motion to dismiss, a pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the pleading has stopped short of showing that the pleader is plausibly entitled to relief. Fed. R. Civ. P. 8(a)(2); *Iqbal*, 129 S.Ct. at 1950.

### III. ANALYSIS

A. Rule 12(b)(1) Motion

Plaintiffs argue that the Court lacks subject matter jurisdiction over Defendants'
counterclaim.  Plaintiffs contend that the counterclaim is permissive, without an independent
jurisdictional basis.  Plaintiffs further argue that the FLSA does not permit an employer to assert
a counterclaim for indemnification, breach of contract, or unjust enrichment, because to allow
otherwise would run counter to the intent and purpose of the FLSA.  Defendants contend that the
counterclaim is compulsory, not permissive, and that the Court thus has subject matter
jurisdiction.  Defendants further argue Plaintiffs have mischaracterized Defendants'
counterclaim, which does not seek monetary damages for indemnification, breach of contract, or
unjust enrichment.

A permissive counterclaim must have an independent jurisdictional basis, in contrast to a
compulsory counterclaim, which falls within the ancillary jurisdiction of the court even if it
would ordinarily be a matter for state court consideration.  *Plant v. Blazer Fin. Servs., Inc. of
Ga.*, 598 F.2d 1357, 1359 (5th Cir. 1979).  Under Rule 13(a) of the Federal Rules of Civil
Procedure, a counterclaim is compulsory if it "arises out of the transaction or occurrence" that is
the subject matter of plaintiff's claim.  *Id.* at 1360.  When determining whether a claim and
counterclaim arise from the same transaction, the court should consider:

> (1) Whether the issues of fact and law raised by the claim and counterclaim largely are
> the same;
>
> (2) Whether *res judicata* would bar a subsequent suit on defendant's claim absent the
> compulsory counterclaim rule;
>
> (3) Whether substantially the same evidence will support or refute plaintiff's claim as
> well as defendant's counterclaim; and
>
> (4) Whether there is any logical relationship between the claim and the counterclaim.

*Tank Insulation Intern., Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir. 1997).  A logical
relationship exists "when the counterclaim arises from the same 'aggregate of operative facts' in

that the same operative facts serves [sic] as the basis of both claims." *Plant*, 598 F.2d at 1361.

An affirmative answer to any one of these four questions renders the counterclaim compulsory.

*Tank*, 104 F.3d at 86.

The Court finds that the same operative facts serve as the basis for Plaintiffs' claim and

Defendants' counterclaim, and that there is a logical relationship between them.  Plaintiffs allege

that Defendants failed to pay overtime wages as required by the FLSA, while Defendants seek a

declaratory judgment that Plaintiffs' claims for overtime pay were already adjudicated by the

DOL.  The same operative facts underlie both claims, including the number of hours worked by

Plaintiffs and the wages earned by Plaintiffs during their period of employment by Defendants.

Therefore, Defendants' counterclaim is compulsory.

To the extent Plaintiffs argue that Defendants' counterclaim is barred because it runs

counter to the purpose of the FLSA, the argument lacks merit.  The purpose of the FLSA is to

maintain "minimum standards of employment throughout the national economy." *LeCompte v.*

*Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986).  Therefore, courts have held that

employers accused of violating the FLSA may not bring state law counterclaims for

indemnification, breach of contract, or unjust enrichment, because such claims would "run afoul

of the Supremacy Clause of the Constitution, would undermine employers' incentive to abide by

the Act, and would differentiate among employees entitled to receive overtime compensation in a

way which does not otherwise exist in the statute." *Id.* (affirming district court's dismissal of

employer's indemnification counterclaim as impermissible under the FLSA); s*ee also Gagnon v.*

*United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010) (affirming district court's

dismissal of employer's breach of contract and fraud claims because such claims should not be

addressed in a FLSA action).

Despite Plaintiffs' characterization, in fact, Defendants seek a declaratory judgment, not affirmative relief or monetary damages.  Allowing Defendants' counterclaim for a declaratory judgment that Plaintiffs are re-litigating already adjudicated claims does not reduce an employer's incentive to abide by the FLSA, nor differentiate among employees entitled to receive compensation.  Defendants' counterclaim is based upon the Federal Declaratory Judgment Act, not a state law claim, and does not run afoul of the Supremacy Clause.  *See Hensley Equip. Co., Inc. v. Esco Corp.*, 383 F.2d 252, 266 (5th Cir. 1967) (holding the right of a party to seek a declaratory judgment is subject to the 'same transaction or occurrence' requirement of Federal Rule of Civil Procedure 13(a) and the 'same subject matter' test of Rule 13(b), relating to counterclaims); *see also Hunter v. Kenaday Med. Clinic, Inc.*, No. 8:11-cv-643-T-23TGW, 2011 WL 2600656, at *2 (M.D. Fla. Jun. 30, 2011) (denying plaintiff's request for dismissal of counterclaim for declaratory judgment by defendant in FLSA case).  Accordingly, the Court concludes that Defendants' counterclaim is compulsory, and that it has ancillary jurisdiction over the counterclaim.  Therefore, Plaintiffs' Motion to Dismiss for lack of subject matter jurisdiction is denied.

B.  Rule 8(c)(2)

Plaintiffs argue that Defendants' counterclaim would be duplicative of at least one of the following affirmative defenses: accord and satisfaction, res judicata and collateral estoppel, and prior adjudication.  Defendants contend that their counterclaim is separate from their affirmative defenses.   Under Rule 8(c)(2), "if a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."  Fed. R. Civ. P. 8.  In Defendants' Amended Answer and Counterclaim, the declaratory judgment counterclaim was pleaded

separately from their affirmative defenses.  (Defs.' Amend. Answer & Countercl. ¶¶ 14, c.)  A counterclaim which seeks a declaratory judgment is valid, so long as it meets the requirements of Federal Rule of Civil Procedure 13(a).  *See Hensley*, 383 F.2d at 266.  The Court concludes that Defendants' pleading constitutes a compulsory counterclaim, and, therefore, Plaintiffs' Motion to Dismiss under Rule 8(c)(2) is denied.

C. Rule 12(b)(6) Motion

Plaintiffs argue that Defendants have not pleaded sufficient facts to support their counterclaim for a declaratory judgment.  Defendants contend that their counterclaim states a plausible claim for relief, insisting that the Court must take as true their pleading "that Defendants have a settlement agreement with the DOL, and that Defendants notified Plaintiffs of this settlement agreement . . . such that Plaintiffs' claims of failure to receive overtime are covered by this settlement agreement that Defendants have with the DOL."  (Defs.' Resp. 4.)

Section 207(a) of the FLSA requires employers to pay overtime wages at "no less than one and one-half times the regular rate" to employees who work in excess of forty hours per week.  29 U.S.C. § 207(a).  Section 216(b) authorizes aggrieved employees to bring suit against an employer for a violation of § 207(a).  29 U.S.C. § 216(b).  A plaintiff that prevails under this provision is entitled to unpaid overtime compensation and an additional equal amount as liquidated damages.  *Id.*

The FLSA also endows the DOL with certain rights of enforcement.  *See* 29 U.S.C. §§ 216(c), 217.  Under §§ 216(b) and 217, the DOL can sue delinquent employers on behalf of aggrieved employees.  Further, § 216(c) authorizes the DOL to "supervise the payment of unpaid overtime" compensation owed to an employee under § 207(a).  29 U.S.C. § 216(c).

An employee's right to sue on her own behalf terminates when the DOL "fil[es] . . . a

complaint" under these sections of the FLSA.  29 U.S.C. §§ 216(b), 216(c).  When the DOL

supervises the payments of unpaid overtime compensation, an employee waives her right to sue

under § 216(b) by (1) agreeing to accept the payment which the DOL determines to be due and

(2) accepting payment in full.  29 U.S.C. § 216(c); *see also Sneed v. Sneed's Shipbuilding, Inc.*,

545 F.2d 537, 539 (5th Cir. 1977).  Nonetheless, an employee's right to sue is *not* terminated

when the DOL simply investigates an employer, or when an employee *rejects* a DOL-supervised

payment of back wages.  29 U.S.C. §§ 216(b), 216(c); *see* 4 Emp. Coord. Compensation § 38:61;

*see also* Dep't of Labor, Wage & Hour Div., *Fact Sheet #44: Visits to Emp'rs* (Sept. 7, 2012,

5:30 PM) (http://www.dol.gov/whd/regs/compliance/whdfs44.pdf).

Here, Defendants fail to plead sufficient facts to state a claim that Plaintiffs are re-

litigating resolved claims.  Defendants assert the following in relation to their counterclaim: the

DOL instructed Defendants to pay unpaid overtime compensation owed to their employees; "last

year" Defendants and the DOL entered into a settlement agreement governing the payment of the

wages owed; in September of 2011 Plaintiffs demanded payment; when offered payment,

Plaintiffs refused it and filed this case; and Plaintiffs subsequently rejected two more offers to

pay back wages owed.  (Defs.' Amend. Answer & Countercl. ¶¶ 3, 9–13.)

These facts, taken as true, do not support Defendants' counterclaim for declaratory

judgment.  Defendants do not claim that the DOL initiated a formal suit against Defendants on

behalf of Plaintiffs.  Further, Defendants have pleaded no facts showing agreement by the

Plaintiffs to accept the payment offered by Defendants, nor actual acceptance.  In fact,

Defendants admit that Plaintiffs have repeatedly *refused* to accept the payments offered to them

by Defendants.  (Defs.' Amend. Answer & Countercl. ¶¶ 9, 12–13.)

Therefore, the Court finds that Defendants have not alleged sufficient facts from which it

can conclude that the DOL filed a complaint against Defendants that terminated Plaintiffs' right to sue on their own behalf, or that Plaintiffs waived their right to sue under the FLSA. Accordingly, Defendants' counterclaim fails to plead sufficient facts to state a claim for relief. Plaintiffs' Motion to Dismiss Defendants' Counterclaim under Rule 12(b)(6) is granted.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Dismiss Defendants' Counterclaim is **GRANTED**, for failure to state a claim for relief.  However, Defendants are granted leave to replead their counterclaim to cure the above deficiencies, if they can, by filing a clean and redlined amended counterclaim no later than **October 10, 2012**.

**SO ORDERED**.

September 10, 2012.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS